**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| ALIVIA DURBIN, Individually and on behalf of all others similarly situated | : : : | CASE NO. 1:21-cv-52 |
| Plaintiff, | : : : | JUDGE _____ |
| v. | : : : | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) AND O.R.C. § 4111.14 (k) |
| OAKLEY PUB & GRILL, LLC | : : | |
| -and- | : : | COLLECTIVE ACTION COMPLAINT |
| JON MARC BERNIER, | : : | JURY DEMANDED |
| Defendants. | : | |

This is an action brought by Alivia Durbin ("Plaintiff Durbin" or "Named Plaintiff") individually and on behalf of all current and former non-exempt employees (hereinafter "Named Plaintiff and the Putative Class Members") who jointly worked for Oakley Pub & Grill, LLC (hereinafter "Defendant Oakley") and Jon Marc Bernier ("Defendant Bernier") (hereinafter collectively referred to as "Defendants"), at any time from May 20, 2017 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 203, 206, 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b). Named Plaintiff individually and on behalf of Putative Class Members seeks all available relief under Article II, Section 34A of the Ohio Constitution ("Ohio Constitution"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et seq., ("the Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts").

Named Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her additional state-law claims are asserted as a collective

action under O.R.C. § 4111.14(k). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I. INTRODUCTION

1. Named Plaintiff and the Putative Class Members seek to recover minimum wages that Defendants jointly owe to them and have failed to pay, in violation of 29 U.S.C. § 206(a) of the FLSA. Named Plaintiff and the Putative Class Members also allege that Defendants jointly violated 29 U.S.C. § 203(m) of the FLSA which only allows employers to pay less than minimum wage to employees who receive tips under very specific conditions. Defendants are not entitled to apply a tip credit toward the Named Plaintiff's and the Putative Class Members' minimum wages, as Defendants failed to (1) ensure that Named Plaintiff and the Putative Class Members' retained all the tips they received and (2) establish a valid tipping pool among employees who customarily and regularly receive tips.

2. In addition, Named Plaintiff and the Putative Class Members seek to recover minimum wages Defendants jointly owe to them and has failed to pay, in violation of Ohio Acts and the Ohio Constitution.

3. Accordingly, Plaintiff Durbin brings this action, individually and on behalf of all current and former non-exempt employees who worked for Defendant at any time from May 20, 2017 through the final disposition of this matter, to recover unpaid wages and related damages.

4. Named Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

5. Named Plaintiff also prays that the Collective Action is certified pursuant to Section 216(b) of the FLSA and Section 4111.14(k) of the Ohio Wage Act and the Ohio Constitution.

## II. JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

7. This Court has supplemental jurisdiction over Named Plaintiff's and the Putative Class Members' Ohio constitutional and Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's and the Putative Class Members' claims under the FLSA that they form part of the same controversy.

8. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred within Hamilton County, Ohio, and Defendants' joint place of business resides in this district.

## III. THE PARTIES

9. Plaintiff Alivia Durbin is an adult resident of Cincinnati, Ohio residing at 4791 Rapid Run Road, Cincinnati, Ohio 45238 (Hamilton County). From approximately May 20, 2017 up to the present, Plaintiff Durbin has worked jointly for Defendants. Plaintiff Durbin worked for Defendants jointly in the State of Ohio as both a Server and Bartender and performed work out of its facilities in Hamilton County, Ohio. Named Plaintiff attaches her Notice of Consent pursuant to Section 216 (b) of the FLSA as **Exhibit 1**.

10. As both a bartender and server, Named Plaintiff was an hourly, non-exempt joint employee of Defendants as defined in the FLSA, the Ohio Constitution and the Ohio Acts.

11. During the course of her joint employment with Defendants, Named Plaintiff was not being fully and properly paid for all of her compensable hours worked because Defendants did not properly calculate her regular rate of pay as a consequence of improper tip pooling, resulting in unpaid wages.

12. The Putative Class Members are those current and former employees jointly employed by Defendants as bartenders and servers at any time from May 20, 2017 through the

final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Durbin worked and was paid.

13. Defendant Oakley Pub & Grill, LLC ("Defendant Oakley") is a domestic for-profit limited liability company registered in the State of Ohio and is currently doing business at 3924 Isabella Ave, Cincinnati, OH 45209 (Hamilton County). Process may be served upon its registered agent and owner, Jon Marc Bernier, at 3924 Isabella Avenue, Cincinnati, OH 45209.

14. Defendant Jon Marc Bernier ("Defendant Bernier") is the owner and registered agent of Defendant Oakley and is currently doing business at 3924 Isabella Ave, Cincinnati, OH 45209 (Hamilton County). He can be served at 3924 Isabella Avenue, Cincinnati, OH 45209

## IV. STATEMENT OF FACTS

15. During all times material to this complaint, Defendants jointly acted directly or indirectly, in the interest of an employer with respect to the Named Plaintiff and the Putative Class Members.

16. During all times material to this complaint, Defendants were a joint "employer" within the meaning of the FLSA, the Ohio Constitution and the Ohio Acts.

17. During all times material to this complaint, Defendants were a joint enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said joint enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

18. During all times material to this complaint, Named Plaintiff and the Putative Class Members have been Defendants' joint employees pursuant the Ohio Constitution and the Ohio

Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

19. As a matter of economic reality, Defendants jointly employed Named Plaintiff and the Putative Class Members at its Oakley's Pub & Grill, LLC ("the Restaurant") located at 3924 Isabella Avenue, Cincinnati, OH 45209.

20. During all times material to this complaint, Defendant Bernier operated the Restaurant.

21. During all times material to this complaint, Defendant Bernier has had significant operational control of all or at least significant aspects of the day-to-day operations of the Restaurant.

22. During all times material to this complaint, Defendant Bernier has made decisions in regard to significant aspects of the day-to-day functions of the Restaurant.

23. During all times material to this complaint, Defendant Bernier has had the authority to hire and fire employees, including Named Plaintiff and the Putative Class Members.

24. During all times material to this Complaint, Defendant Bernier directly supervised Named Plaintiff and the Putative Class Members and controlled their work schedule and employment conditions.

25. During all times material to this Complaint, Defendant Bernier has had the ability to set and determine the method and rate of Named Plaintiff's and the Putative Class Members' compensation.

26. On approximately May 20, 2017, Defendants jointly hired Plaintiff Durbin to work as both a server and bartender at its Restaurant.

27. Defendants jointly employed Plaintiff Durbin as both a server and bartender at its Restaurant for approximately twenty (20) to thirty (30) hours per week for the time period from approximately May 20, 2017 to the present.

28. Upon information and belief, Defendants jointly had managers, all of whom collectively also, in addition to Defendant Bernier who had ultimate authority, had the authority to hire and fire employees, control and set employees' respective work schedules, train employees, and interview potentially new employees.

29. Upon information and belief some of Defendants' managers were salaried non-exempt employees until approximately sometime during the month of September 2020 when Defendants' jointly reclassified them as hourly employees. Additionally, upon information and belief, some of Defendants' managers have always been a joint hourly employee of Defendants'.

30. During all times relevant to this Complaint, Defendants' managers shared with Defendant Bernier significant operational control of all or at least significant aspects of the day-to-day operations of Defendant's Restaurant.

31. During all times relevant to this Complaint, Defendants' managers shared with Defendant Bernier, as exempt employees, the authority to hire and fire employees, including Named Plaintiff and the Putative Class Members.

32. During all times relevant to this Complaint, Defendants managers shared with Defendant Bernier, as exempt employees, control of the Named Plaintiff's and the Putative Class Members' work schedule.

33. During all times relevant to this Complaint, Defendants' managers shared with Defendant Bernier, as exempt employees, control of Named Plaintiff's and the Putative Class Members' employment conditions.

34. During all times relevant to this Complaint, Defendant failed to pay the Named Plaintiff and the Putative Class Members the minimum wage.

35. Defendants jointly failed to inform the Named Plaintiff that it would be taking a tip credit from her as it was Defendants' joint common practice to take a tip credit from its non-exempt employees.

-- 6 --

36. Upon information and belief, Defendants jointly failed to inform the Putative Class Members that it would be taking a tip credit from them, as it was Defendants' joint common practice to take a tip credit from its non-exempt employees.

37. In addition to this, Defendants jointly failed to inform the Named Plaintiff and the Putative Class Members that both salaried and hourly managers would be participating in the tip pool, despite not being employees who customarily and regularly receive tips.

38. During all times material to this Complaint, Defendants jointly required the Named Plaintiff and the Putative Class Members to pay a portion of the tips they received to the management of Defendants' Restaurant.

39. During all times material to this Complaint, Defendants jointly failed to pay the Named Plaintiff and the Putative Class Members the correct amount of wages.

40. Defendants jointly did not satisfy the requirements for applying a tip credit to the Named Plaintiff's and the Putative Class Members' wages.

41. Upon information and belief, one of Defendants' managers, informed Defendants of the illegal nature of the tip-sharing scheme by informing Defendant Bernier, that it was improper for Defendants' Managers to be participating in the tip pool, but Defendants ignored its manager and continued its illegal and improper pay practices and policies.

42. On several occasions, Plaintiff Durbin had expressed reasonable complaints to Defendants' managers and several other employees regarding the improper nature of Defendants' joint tip-sharing scheme. Additionally, Plaintiff Durbin sought legal advice as a direct result of these improper pay policies and practices.

43. Defendants jointly, knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wage with respect to the Named Plaintiff and the Putative Class Members in this action.

**V.    CAUSES OF ACTION**

## COLLECTIVE ACTION ALLEGING FLSA VIOLATIONS

### A. FLSA COVERAGE

44. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

45. The FLSA Collective is defined as:

**All bartenders and servers who have been employed by Oakley Pub & Grill, LLC, at any time from May 20, 2017 through the final disposition of this matter. ("FLSA Collective" or "FLSA Collective Members")**

46. Plaintiff reserves the right to amend and refine the definition of the class she seeks to represent based upon further investigation and discovery.

47. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

48. At all times hereinafter mentioned, Defendant has been an enterprise engaged ion commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, ir in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

49. During the respective periods of Plaintiff and the Putative Class Members' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

50. In performing the operations hereinabove described, Plaintiff and the Putative Class Members have been engaged in commerce or in the production of goods for commerce within the

meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

51. Specifically, Plaintiff and the putative Class Members are (or were) non-exempt employees of Defendant who assisted customers, wherever they were from. 29 U.S.C. § 203(j).

52. At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

53. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 49.

54. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

## COLLECTIVE ACTION ALLEGATIONS

## FLSA

55. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

56. Named Plaintiff brings this action collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all similarly situated individuals who are part of the following class:

> **All bartenders and servers who have been employed by Oakley Pub & Grill, LLC, at any time from May 20, 2017 through the final disposition of this matter. ("FLSA Collective Class" or "FLSA Collective Members")**

57. Named Plaintiff reserves the right to amend and refine the definition of the FLSA Collective class she seeks to represent based upon further investigation and discovery.

58. Collective action treatment of Named Plaintiff's and the FLSA Collective Members' claims is appropriate because Named Plaintiff and the FLSA Collective Members have been subjected to the common joint business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including

*inter alia*, whether Defendants jointly satisfied the FLSA's requirements for payment of the statutory minimum wages.

59. The Named Plaintiff and the FLSA Collective Members have been similarly affected by the joint violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to avoid paying all earned minimum wages.

60. Named Plaintiff is similarly situated to the FLSA Collective Members and will prosecute this action vigorously on their behalf.

61. Named Plaintiff intends to send notice to all of the FLSA Collective Members pursuant to Section 216 (b) of the FLSA. The names and addresses of the FLSA Collective Members are available from Defendants' joint records.

## OHIO CONSTITUTION AND OHIO ACTS

62. Named Plaintiff brings this action collective action pursuant to O.R.C. § 4111.14 (k) on behalf of herself and all similarly situated individuals who are part of the following class:

> **All bartenders and servers who have been employed by Oakley Pub & Grill, LLC, at any time from May 20, 2017 through the final disposition of this matter. ("Ohio Collective Class" or "Ohio Collective Members")**

63. Named Plaintiff reserves the right to amend and refine the definition of the Ohio Collective Class she seeks to represent based upon further investigation and discovery.

64. Collective action treatment of Named Plaintiff's and the Ohio Collective Members' claims is appropriate because Named Plaintiff and the Ohio Collective Members have been subjected to the common joint business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including inter alia, whether Defendants jointly satisfied the Ohio Constitution's and the Ohio Acts' requirements for payment of the statutory minimum wages.

65. The Named Plaintiff and the Ohio Collective Members have been similarly affected by the joint violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to avoid paying all earned minimum wages.

66. Named Plaintiff is similarly situated to the Ohio Collective Members and will prosecute this action vigorously on their behalf.

67. Named Plaintiff intends to send notice to all of the Ohio Collective Members to pursuant to O.R.C. § 4111.14(k). The names and addresses of the Ohio Collective members are available from Defendants' joint records.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA")
## MINIMUM WAGE

68. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

69. During the time period from approximately May 20, 2017 to the present, Defendants were and are the joint employer of the Named Plaintiff and the FLSA Collective Class within the meaning of 29 U.S.C. § 203(d).

70. During the time period from approximately May 20, 2017 to the present Named Plaintiff and the FLSA Collective Class were jointly employed by Defendants within the meaning of 29 U.S.C. § 203(e)(1).

71. During the time period from approximately May 20, 2017 to the present, Defendants jointly employed the Named Plaintiff and the FLSA Collective Class within the meaning of 29 U.S.C. § 203(g).

72. During the time period from approximately May 20, 2017 to the present, Defendants were joint employers subject to the FLSA.

73. During all times material to this Complaint, Named Plaintiff and the FLSA Collective Class have not been exempt from receiving overtime benefits under the FLSA because,

-- 11 --

*inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

74. During the time period from approximately May 20, 2017 to the present, Defendant violated the provisions of 29 U.S.C. § 203(m) and § 206 by employing the Named Plaintiff and the FLSA Collective Class by failing to comply with the "tip credit" provisions of section 203(m) through its inclusion of salaried managers within the tip-pool.

75. During the time that the Named Plaintiff and the FLSA Collective Class have jointly worked for the Defendants, Defendants jointly failed to pay the Named Plaintiff and the FLSA Collective Class the minimum wage for all hours they worked in violation of 29 U.S.C. §§ 206(a) & 207(a).

76. The FLSA allows employers to take a "tip credit" to use towards satisfying their obligation of paying tipped employees the federally required minimum wage. 29 U.S.C. § 203(m).

77. In order to utilize the tip credit, employers must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

78. The FLSA requires that the tip credit be available only for the time an employee is engaged in performing tipped duties. *See*, *e.g.*, 29 C.F.R. § 531.59(b).

79. In addition, an employer may avail itself of the tip credit, if and only if, it satisfies two requirements: 1) The employer must inform its employees that it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a tipping pool among employees who customarily and regularly receive tips. 29 U.S.C. § 203(m).

80. During all times material to this Complaint, Defendants jointly failed to comply with the notice requirement for taking a tip credit as mandated by Section 203(m) of the FLSA.

81. Section 203(m) of the FLSA expressly prohibits employers, managers, and supervisors from keeping any portion of the tips received by employees for any purpose, the "tip-sharing prohibition".

82. During all times material to this Complaint, Defendants jointly violated Section 203(m) of the FLSA's tip-sharing prohibition by jointly permitting its employers, managers, and supervisors to keep some or all or all of the Named Plaintiff's and the FLSA Collective Class' tips.

83. During the time that the Named Plaintiff and the FLSA Collective Class worked jointly for Defendants, Defendants were not entitled to apply a tip credit to the Named Plaintiff's and the FLSA Collective Class' wages, because it (1) jointly maintained and operated an illegal tip pool and/or (2) jointly did not permit the Named Plaintiff and the FLSA Collective Class to retain all the tips they earned.

84. Defendants' joint failure to pay the Named Plaintiff and the FLSA Collective Class the lawful federal minimum wage rates while they were employees was not based on good faith or reasonable grounds, or a belief that such failure was not in violation of the FLSA, the Named Plaintiff and the FLSA Collective Class are therefore entitled to liquidated damages in an amount equal to the wages which they have not been paid.

85. Because Defendants' joint failure to pay such federal minimum wages was willful the Named Plaintiff and the FLSA Collective Class are entitled to these wages dating back three (3) years from the filing of this complaint and payment of reasonable attorney's fees and costs.

<u>COUNT V</u>

**VIOLATIONS OF ARTICLE II, SECTION 34A OF THE OHIO CONSTITUTION AND O.R.C. 4111 FOR FAILURE TO PAY THE OHIO MINIMUM WAGE**

86. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

87. Section 34a of Article II of the Ohio Constitution ("Ohio Constitution") requires that every employer shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a.

88. At all times relevant to this Complaint in 2017, the Ohio minimum wage for non-exempt employees was $8.15 per hour.

89. At all times relevant to this Complaint in 2018, the Ohio minimum wage for non-exempt employees was $8.30 per hour.

90. At all times relevant to this Complaint in 2019, the Ohio minimum wage for non-exempt employees was $8.55 per hour.

91. At all times relevant to this Complaint in 2020, the Ohio minimum wage for non-exempt employees was $8.70 per hour.

92. At all times relevant to this Complaint, the Named Plaintiff and the Ohio Collective Class were not exempt from the minimum wage provisions of the Ohio Constitution or the Ohio Wage Act.

93. At all times relevant to this Complaint, Defendants were joint Ohio employers subject to the Ohio Constitution and the Ohio Wage Act.

94. During all times material to this Complaint, the Named Plaintiff and the Ohio Collective Class were not excluded from the definition of "employee" under 29 U.S.C. 203(e) or individuals who are exempted from the minimum wage requirements in 29 U.S.C. 213 nor from the definition of an "employee' in O.R.C. § 4111 *et al*. O.R.C. § 4111.14 (B)(1).

95. have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

96. by refusing to allow Plaintiff and the putative Class Members to keep all of the tips received at Oakley's Pub & Grill, LLC for payment to employers or distribution thereof.

97. In violating the Ohio Constitution or the Ohio Wage Act, Defendant acted willfully, without a good faith basis and with reckless disregard of applicable Ohio law.

98. Defendant's failure to pay Plaintiff and the Putative Class Members the lawful Ohio minimum wage rates constitutes a violation of the Ohio Constitution and the Ohio Wage Act resulting in Plaintiff's and the Putative Class Members' entitlement to treble damages, attorney's fees and costs and any other such relief the Court would grant.

## COUNT IV
## OHIO PROMPT PAY ACT-
## FAILURE TO PROMPTLY PAY WAGES

1. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

2. At all times relevant to this Complaint, Defendant was Plaintiff and the Putative Class Members' "employer" and was required to comply with the Ohio Prompt Pay Act's provisions. *See* R.C. § 4113.15.

3. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* R.C. § 4113.15(A).

4. At all times material to this Complaint, Defendant has refused to pay Plaintiff's and the Putative Class Members' wages for all hours worked, and Defendant has refused to pay Plaintiff and the Putative Class Members' all owed overtime wages at one and one-half (1 ½) times her normal hourly rate, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

5. Plaintiff and the Putative Class Members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

6. Defendant's violations of the OPPA has been of a willful, intentional, or bad faith nature or has otherwise exhibited a reckless disregard of the OPPA's provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Durbin prays that this Court enter the following relief:

A. For an Order certifying the FLSA Collective as defined in Paragraph 49 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. For an Order certifying that this action may proceed as a class action under Fed. R. Civ. P. 23(b)(3);

C. For an Order certifying the Rule 23 Class as defined in paragraph 61 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class members;

D. Designating Plaintiff as representative for the Class and designating Plaintiff's counsel as counsel for the Class;

E. Issuing proper notice to the class at Defendant's expense;

F. Expectation and damages for all missed payments taken from or applied to Plaintiff and the Putative Class Members pay;

G. An order awarding Plaintiff and the Putative Class Members back pay equal to the amount of all tips taken from Plaintiff's tips earned for three (3) years preceding the filing of this complaint to the present, plus an additional equal amount in liquidated damages;

H. Pursuant to O.R.C. § 4111.14(J), an order awarding an amount set by the court sufficient to compensate Plaintiff Durbin and deter future violations by the Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

I. Awarding Plaintiff Durbin the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

J. An order enjoining Defendant from retaliating, via discrimination, against Plaintiff for her engaging in the protected action of complaining about pay practices.

K. An order awarding attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

L.   Any other relief to which the Plaintiff may be entitled.

Dated: January 21, 2021                    Respectfully Submitted,

**BARKAN MEIZLISH DEROSE
WENTZ MCINERNEY PEIFER, LLP**

/s/Robert E. DeRose
Robert E. DeRose (OH Bar No. 0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by jury on all of her claims.

/s/*Robert E. DeRose*