**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| ALIVIA DURBIN, *et al.*, | : |
| Plaintiffs, | : Case No. 1:21-cv-00052 |
| vs. | : |
| OAKLEY PUB & GRILL, LLC, *et al.*, | : Judge Matthew W. McFarland |
| | : Mag. J. Karen L. Litkovitz |
| Defendant. | : |

# ORDER

**AND NOW**, this 21st day of July, 2022, upon consideration of the Parties Joint Motion to Approve Settlement ("Motion"), see Doc. 19, the accompanying "Settlement Agreement," see Doc. 19-2, the accompanying Declaration of Robert DeRose, see Doc. 19-3, the accompanying Memorandum of Law, see Doc. 19-1, and all other papers and proceedings herein, it is hereby **ORDERED** that the settlement reached on behalf of Plaintiffs Alivia Durbin, Katherine Bucklin, Amy Jackson and Sabrina Abusway, which includes a claim under the Fair Labor Standards Act ("FLSA), 29 U.S.C. §§ 201, et seq., Article II, Section 34 A of the Ohio Constitution ("Ohio Constitution"), Oh. Const. Art. II, § 34; the Ohio Minimum Fair Wage Standards Act ("the Ohio Wage Act"), O.R.C. §§ 4111, *et seq.*; the Ohio Prompt Pay Act ("OPPA"), O.R.C. §4113.15 is **APPROVED**.

This Court generally reviews FLSA settlements to ensure that (i) "the settlement resolves a bona fide dispute under the FLSA"; and (ii) that the settlement is "fair, reasonable, and adequate." *Macknight v. Healthcare*, 2021 U.S. Dist. LEXIS 227262, *2 (S.D. Ohio March 4, 2021); *accord Dewald v. Time Warner Cable Inc.*, 2021 U.S. Dist. LEXIS 32459, *8 (S.D. Ohio Feb. 16, 2021). Here, the Court finds that each of these requirements is satisfied. In addition,

courts reviewing FLSA settlements must ensure that the attorney's fees and expenses sought to be recovered by Plaintiffs' counsel are reasonable. Here, the settlement provides Plaintiffs' counsel from Barkan Meizlish DeRose Cox, LLP with a total payment of $15,603.00. After reducing this amount by $603.00 in expenses, we are left with an $15,000.00 attorney's fee, which constitutes twenty-seven percent (27%) of the $55,000.00 settlement. This fee is reasonable under the factors described in *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). Moreover, the fee's reasonableness is further confirmed because the requested fee award is less than Plaintiffs' counsel's actual lodestar fairly attributable to the work performed by Plaintiffs' counsel in connection with Defendants.

Accordingly, the settlement is **APPROVED** and the claims asserted in this action against Defendant Oakley and Defendant Benier are **DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction over Defendants and the Plaintiffs concerning any disputes pertaining to the enforcement of the settlement.

**IT IS SO ORDERED.**

_____
MATTHEW W. MCFARLAND
UNITED STATES DISTRICT JUDGE